DOUGLAS v GENERAL MOTORS CORPORATION

Docket No. 128383. Submitted April 6, 1993, at Detroit. Decided
September 20, 1993, at 9:00 A.M. Leave to appeal sought.

Victoria M. Douglas was awarded workers' compensation benefits
from General Motors Corporation after a magistrate found her
to be partially disabled as a result of a work-related injury to
her hand and totally disabled because of a psychiatric condition
arising out of the injury to her hand. The Workers' Compensa-
tion Appellate Commission affirmed, finding the magistrate's
findings of fact to be supported by competent, material, and
substantial evidence on the whole record. General Motors
appealed by leave granted.

The Court of Appeals held:

1. There was substantial evidence to support the magistrate's
determination that Douglas sustained a disabling physical in-
jury caused by actual events of employment, that the physical
injury contributed to her mental disability in a significant
manner, and that she continues to be totally disabled because
of her mental disability.

2. When a mental disability arises out of a disabling physical
injury caused by actual events of employment, the employee is
entitled to workers' compensation benefits for the duration of
the resulting mental disability, even if the physical disability
ceases to exist.

3. The WCAC's use of the substantial evidence test was proper
because it reviewed the claim after October 1, 1986.

4. There is competent evidence supporting the WCAC's deci-
sion that the magistrate's determination was supported by
substantial evidence.

Affirmed.

1. WORKERS' COMPENSATION — MENTAL DISABILITIES — PHYSICAL
DISABILITIES.

Where a mental disability arises out of a disabling physical

REFERENCES

Am Jur 2d, Workers' Compensation §§ 339, 686, 689.
Mental disorders as compensable under workmen's compensation
acts. 97 ALR3d 161.

injury caused by actual events of employment, the employee is entitled to workers' disability compensation benefits for the duration of the mental disability, even if the physical disability ceases to exist (MCL 418.301[2]; MSA 17.237[301][2]).

2. WORKERS' COMPENSATION — APPELLATE COMMISSION — STANDARD OF REVIEW.

   The appropriate standard of review by the Workers' Compensation Appellate Commission after October 1, 1986, of a claim for workers' compensation, is competent, material, and substantial evidence on the whole record (MCL 418.861a[3]; MSA 17.237[861a][3]).

*Zamler, Mellen & Shiffman, P.C.* (by *Joel W. Jonas*), for the plaintiff.

*Evans, Nelson, Pletkovic & Hays, P.C.* (by *John J. Hays*), and *Jack F. Wheatley,* for the defendant.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

CONNOR, J. A workers' compensation magistrate found plaintiff partially disabled as the result of a work-related injury to her right hand and totally disabled because of a psychiatric condition. The Workers' Compensation Appellate Commission found the magistrate's findings of fact supported by competent, material, and substantial evidence on the whole record, MCL 418.861a(3); MSA 17.237(861a)(3), and affirmed the magistrate's decision. Defendant appeals to this Court by leave granted.

We affirm the WCAC's findings that there was substantial evidence to support the magistrate's determination that plaintiff sustained a disabling physical injury caused by actual events of employment, that the physical injury contributed to her mental disability in a significant manner, and that she continues to be totally disabled because of her mental disability. We conclude that when a men-

tal disability arises out of a disabling physical injury caused by actual events of employment, the employee is entitled to benefits for the duration of the resulting mental disability, even if the physical disability ceases to exist.

Defendant first claims the WCAC used the wrong standard of review. Because the WCAC reviewed plaintiff's claim after October 1, 1986, it properly used the "substantial evidence" test. See *Farrington v Total Petroleum, Inc,* 442 Mich 201, 208; 501 NW2d 76 (1993).

Defendant next argues that plaintiff did not establish that actual events of employment contributed to her psychological disability in a significant manner. The magistrate found that actual events had done so. The WCAC found the magistrate's decision supported by substantial evidence. This Court's task is to determine whether there was competent evidence to support the facts found. See *Holden v Ford Motor Co,* 439 Mich 257, 260-261; 484 NW2d 227 (1992). We find that there was. Plaintiff presented expert testimony that her psychological disability was directly related to the injury to her hand. She also presented evidence that her hand was injured on the job.

Defendant contends that plaintiff failed to establish that the injury to her hand continues to be disabling. The magistrate found that plaintiff was partially disabled because of the injury to her hand. The WCAC affirmed that finding. After examining the record, the WCAC concluded that there was substantial evidence that plaintiff had suffered an injury to her hand and continued to be unable to use the hand. Because there is competent evidence to support the WCAC's decision, we affirm.

Like the WCAC, we see no reason why it should matter whether plaintiff is currently unable to use her hand because the organic problem has not

been corrected or because her work-related mental disability causes her to believe that she cannot use her hand. Mental disabilities are compensable if they arise out of actual events of employment. MCL 418.301(2); MSA 17.237(301)(2). The nature of plaintiff's mental disability causes her to harbor unfounded perceptions of reality. However, even if plaintiff is mistaken in believing that the disabling injury to her hand persists, it was conclusively found by the magistrate and the WCAC that the mental condition causing this misperception arose out of the work-related physical injury to her hand, an actual event of employment.

Finally, defendant claims that the plaintiff has reverted to her preinjury level of functioning. The magistrate did not find this to be the case, but, instead, found that plaintiff continues to be totally disabled. The WCAC affirmed the magistrate's determination, finding there to be substantial evidence to support the finding. We affirm the WCAC's decision, finding competent evidence to support it. There was ample testimony regarding plaintiff's ongoing disability, despite the opinion offered by defendant's doctor that plaintiff's condition was less severe than previously noted by other doctors.

Affirmed.